1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12
13

| | |
|---|---|
| GLORIA P. WILSON,<br><br>               Plaintiff,<br><br>     v.<br><br>PETCO ANIMAL SUPPLIES STORES INC.,<br><br>               Defendant. | CASE NO. 3:23-cv-05633-JNW<br><br>ORDER DENYING SUMMARY JUDGMENT |

14

## 1.  INTRODUCTION

15
16
17
18
19
20
21
22

This is a premises liability case in which Plaintiff Gloria P. Wilson tripped, fell, and sustained a head injury at the Petco in Bonney Lake, Washington. Petco moves for summary judgment, asserting the case should be dismissed because: (1) Wilson cannot identify the item she claims to have tripped over; and (2) Wilson assumed the risk of any alleged tripping hazards under Washington premises liability law. Dkt. No. 10. After considering the briefing, the record, and the relevant law, the Court finds that issues of material fact preclude summary judgment.

23

ORDER DENYING SUMMARY JUDGMENT - 1

## 2. BACKGROUND

On March 11, 2022, Wilson fell while shopping at Petco in Bonney Lake. Just before the fall, she "was trying to find a new different type of kitty litter." Dkt. No. 14 at 5. Once she found the litter and went to put it in her cart, she "tripped over something that was on the floor." *Id*. During her deposition, she testified: "I had turned around to put the kitty litter in the cart and that's when my foot caught on something." *Id*. at 25. She clarified that she never made it to the cart because when she started to walk back, she "hit something," or "caught something," that caused her to trip and crack her head on the concrete floor. *Id*. at 30.

Wilson testified that after the fall, a young boy and his mother tried to help her. Then the store manager arrived, spoke with her, and called 911. According to Wilson, the manager told her that she had tripped over a "box or something" that was behind a nearby pole. Dkt. No. 14 at 7. Wilson didn't recall seeing any boxes in the aisle, but she did recall seeing some bags on the floor. *Id*. at 27. She also testified that she regularly saw inventory on the floor at the Bonney Lake Petco. *See* Dkt. 10-1 at 15–16. Ultimately, she does not know precisely what she tripped on because she never saw it.

Wilson regularly shopped at the Petco in Bonney Lake, and before the fall she had complained to Petco employees about inventory cluttering the floor. Dkt. No. 10-1 at 15. She believed it was a safety hazard; she testified that "a lot of senior people . . . come into that store," and so Petco shouldn't "just . . . leave stuff laying around." *See id*. at 15–16. According to Wilson, Petco did not take her concerns seriously or resolve the issue. *Id*. at 17.

ORDER DENYING SUMMARY JUDGMENT - 2

1

2

3

## 3.  DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On summary judgment, the Court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Est. of Anderson v. Marsh*, 985 F.3d 726, 730 (9th Cir. 2021). Additionally, on summary judgment, parties may only submit evidence that "could be presented in an admissible form at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

In its reply brief, Petco objects to much of Wilson's evidence. Dkt. No. 15 at 1–4. The Court only relied on one piece of contested evidence in its decision—the out-of-court statement by Petco's manager that Wilson had "tripped over a box or something that was behind a pole." Dkt. No. 14 at 7. The Court finds that the statement is not hearsay and admissible. *See* Fed. R. Evid. 801(d)(2)(D).[1]

### 3.1  Issues of material fact preclude summary judgment on Wilson's negligence claim.

Petco moves for summary judgment on Wilson's negligence claim. "A cause of action for negligence requires the plaintiff to establish (1) the existence of a duty

---

[1] Alternatively, the Court finds the statement admissible at least for the limited purpose of establishing that *there was* "a box or something . . . behind [the] pole." *See* Dkt. No. 14 at 7. *See* Fed. R. Evid. 801(c)(2) (not used for truth value); *or* Fed. R. Evid. 803(1) (present sense impression). This provides enough evidence for Wilson to survive summary judgment.

owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Tincani v. Inland Empire Zoological Soc.*, 875 P.2d 621, 624 (Wash. 1994) (en banc). "In the premises liability context with business invitees, [the Washington State Supreme Court] ha[s] often applied the standards above alongside Restatement (Second) of Torts § 343 (Am. Law Inst. 1965)." *Johnson v. Liquor & Cannabis Bd.*, 486 P.3d 125, 130–31 (Wash. 2021) (en banc). That provision of the Restatement reads:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

*Id.* at 131 (quoting Restatement § 343).

Under Washington law, an invitee "is . . . entitled to expect that the possessor will exercise reasonable care to make the land safe for his [or her] entry." *Id.* at 631 (quoting Restatement (Second) of Torts § 343, cmt. b). This duty includes the duty to "inspect for dangerous conditions," as well as to repair, safeguard, or warn against those dangerous conditions "as may be reasonably necessary for [the invitee's] protection under the circumstances." *Id.* (quoting Restatement (Second) of Torts § 343, cmt. b)). It also includes the duty to maintain the premises so that it is

reasonably safe for invitees. *Egede-Nissen v. Crystal Mountain, Inc.*, 606 P.2d 1214, 1218 (1980).

The Court addresses each of Petco's arguments in turn. First, Petco maintains that it is entitled to summary judgment because Wilson failed to submit evidence identifying the item that caused her to trip. But Wilson has submitted sufficient circumstantial evidence for a reasonable factfinder to conclude that she tripped on Petco inventory. For example, Wilson recalls seeing bags on the floor of the aisle in which she fell. Dkt. No. 14 at 27, 28. This was not unusual—indeed, she testified that she had complained several times to Petco employees about their practice of leaving inventory on the floor in the aisles. Dkt. No. 10-1 at 15–16. She was concerned people would trip on it. *Id*. Additionally, the Petco manager who assisted Wilson identified "a box or something" that was behind a pole near Wilson after the fall and told Wilson she had tripped on it. *Id*. at 7.

Petco next cites to an unpublished Washington Court of Appeals opinion, *Arntz v. City of Seattle*, arguing that Wilson must prove the "mechanics" of her fall to survive summary judgment. Case No. 77504-9-I, 7 Wash. App. 2d 1052, 2019 WL 931841, at *1 (Wash. Ct. App. Feb. 25, 2019) (unpublished). In that case, the plaintiff—Arntz—claimed to have tripped over a manhole cover. Her theory of negligence relied on the recessed lid portion of the manhole cover, but she could not establish that her foot actually contacted the recessed lid or any other portion of the manhole cover. *Id*. at *5. In fact, Arntz testified that "she did not feel her foot 'strike the edge of the manhole cover rim' or 'catch on anything or contact something hard.'" *Id*. Instead, she simply assumed it was the manhole cover. *Id*. The court held

1    that "because Arntz cannot establish that her foot contacted the manhole cover

2    prior to falling, she cannot show the recessed manhole cover more probably than not

3    caused her to trip and fall." *Id.*

4        *Arntz* is not binding authority, and it's of little persuasive value because this

5    case is different. Unlike Artnz who testified that she did not touch the alleged

6    injury-causing condition, Wilson unequivocally testified that her foot caught on

7    something that tripped her, causing her to fall. Dkt. No. 14 at 25, 30. While she

8    never saw the specific item that she tripped over, she recalls seeing bags on the

9    ground elsewhere in the aisle. *Id.* at No. 27, 28. And, as noted above, the store

10   manager mentioned "a box or something" that was behind a pole near the spot

11   where Wilson fell and said that Wilson had tripped over it. *Id.* at 7. Additionally,

12   Wilson testified that she regularly saw boxes and bags of inventory on the ground

13   throughout the store. *See* Dkt. No. 10-1 at 15–16. Taking the facts in the light most

14   favorable to Wilson, a reasonable person could conclude that Wilson fell because she

15   tripped over a box or bag of Petco inventory on the ground in the aisle.

16       Next, Petco argues that summary judgment is appropriate because Wilson

17   cannot prove that Petco had notice of the dangerous condition, as required by the

18   Restatement (Second) of Torts § 343. *See Tincani*, 875 P.2d at 630 (quoting

19   Restatement (Second) of Torts § 343). True, that subsection requires the plaintiff to

20   prove that the proprietor had actual or constructive notice of the relevant,

21   dangerous condition. *Id.* But Washington's *Pimentel* exception eliminates the notice

22   requirement "when an invitee is injured at a self-service business, . . . [and] 'when

23   the nature of the proprietor's business and his methods of operation are such that

ORDER DENYING SUMMARY JUDGMENT - 6

the existence of unsafe conditions on the premises is reasonably foreseeable.'" *Id.* (quoting *Pimentel v. Roundup Co.*, 666 P.2d 888, 893 (Wash. 1983) (en banc)). A "self-service business" includes departments or areas of a business where shoppers help themselves. *Id.*

It is undisputed that Wilson tripped and sustained a head injury in a self-service area of Petco. A reasonable juror could infer from Wilson's prior complaints that Petco regularly left inventory on the floor in self-service areas. Accordingly, a reasonable juror could find that Petco's "methods of operation are such that the existence of unsafe conditions on the premises [was] reasonably foreseeable," thereby eliminating Section 343(a)'s traditional notice requirement. *See id.* (quoting *Pimentel*, 666 P.2d at 893). Thus, Petco is not entitled to summary judgment on the grounds that Wilson failed to present evidence of actual or constructive notice.

### 3.2    Petco is not entitled to summary judgment on its assumption-of-risk defense.

Petco also moves for summary judgment on its assumption-of-risk affirmative defense. Dkt. No. 10 at 1, 10–11; *see also* Dkt. No. 1-1 at 16. "[I]f a land possessor can establish implied primary assumption of the risk on the part of an invitee," then "[t]he [possessor's] duty to exercise reasonable care is excused." *Little v. Rosauers Supermarkets, Inc.*, 521 P.3d 298, 301 (Wash. Ct. App. 2022).

The Restatement (Second) of Torts—specifically, the first clause of Subsection 343A(1)—defines this defense. *Id.* It states:

> [1] A possessor of land is not liable to ... invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to [an invitee] . . . .

ORDER DENYING SUMMARY JUDGMENT - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

*Id.* (quoting Restatement (Second) of Torts § 343A). To prove this defense, the possessor must establish that: "the plaintiff (1) had full subjective understanding (2) of the presence and nature of the specific risk, and (3) voluntarily chose to encounter the risk." *Id.* (quoting *Kirk v. Wash. State Univ.*, 746 P.2d 285, 288–89 (1987) (citing Restatement (Second) of Torts § 496C(1))).

To succeed on this defense, the defendant must establish that the plaintiff was "aware of more than just the generalized risk of [his or her] activities." *Home v. N. Kitsap Sch. Dist.*, 965 P.2d 1112, 1119 (Wash. Ct. App. 1998) (quoting *Shorter v. Drury*, 695 P.2d 116, 123 (Wash. 1985) (en banc)). The defendant must prove that the plaintiff perceived, understood, and appreciated the "specific hazard which caused the injury." *See id.*; *see also Erie v. White*, 96 P.2d 342, 346–47 (Wash. Ct. App. 1998) (citing *Dorr v. Big Creek Wood Prods., Inc.*, 92 P.2d 1148 (Wash. Ct. App. 1996)); *Egan v. Cauble*, 966 P.2d 362, 347 (Wash. Ct. App. 1998). Here, it is undisputed that Wilson did not perceive the hazard that caused her injury. Accordingly, Petco has not shown that Wilson assumed the risk as a matter of law such that it is entitled to summary judgment.

Additionally, summary judgment on Petco's defense is inappropriate because the assumption-of-the-risk defense "does not apply in circumstances where a land possessor should anticipate harm, *despite* the obviousness of the risk," or the plaintiff's knowledge of it. *Little*, 521 P.3d at 301 (emphasis added) (citing Restatement (Second) of Torts § 343A, cmt. f). Here, the factfinder could reasonably conclude that Petco should have anticipated the harm, even if the risk were known

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

or obvious. Taking the facts in the light most favorable to Wilson, Petco knew that (1) its shoppers purchased heavy items like kitty litter in a self-service area of its store, and (2) that its agents regularly left boxes and bags of inventory on the floor of the self-service area. From this information, the factfinder could conclude that Petco should have anticipated the harm at issue here, *even if* the hazard that caused such harm were obvious or known.

For these reasons, summary judgment dismissal based on Petco's assumption of the risk affirmative defense is inappropriate.

### 3.3    Sanctions are unwarranted on this record.

Wilson moves for sanctions under Rule 37, arguing that Petco spoliated evidence by deleting store video footage that would have shown the incident. Petco contends that such footage never existed.

Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, Case No. C19-0062-JCC, 2020 WL 1492676, at *3 (W.D. Wash. March 24, 2020) (quoting *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009)). Sanctionable spoliation occurs when:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed;

> (2) that the records were destroyed with a "culpable state of mind;" and

> (3) that the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Id.* at \*4 (list reformatted) (quoting *Apple Inc. v. Samsung Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (collecting cases adopting test); *see also Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal 2013) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220 (S.D.N.Y.2003)). While this test expressly references "destroy[ing]" evidence, it also applies when a party has significantly altered or failed to preserve evidence. *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, Case No: 1:17-cv-00519-DCN, 2019 WL 2236080, at \*6 (D. Idaho May 21, 2019) (citing *Reinsdorf*, 296 F.R.D. at 626). The party seeking spoliation sanctions bears the burden of proving that sanctionable spoliation occurred. *Id.* at \*7 (citing *Reinsdorf*, 296 F.R.D. at 626).

Here, Wilson provided only the following statement by her attorney to prove spoliation:

> Prior to my involvement in the case, defense counsel told my predecessor that the videos had been destroyed or erased. On September 27, 2024, I called defense counsel. He confirmed that the videos were "not saved."

Dkt. No. 12 at 2. In response, defense counsel submitted a declaration refuting this assertion. *See* Dkt. No. 16 at 2–3. Without any other evidence to consider, the Court finds that Wilson has not met her burden. Thus, sanctions are not appropriate.

### 4. CONCLUSION

For the reasons above, the Court DENIES Petco's Motion for Summary Judgment, Dkt. No. 10. The Court also DENIES Wilson's motion for sanctions contained in Dkt. No. 11.

Dated this 8th day of January, 2025.

Jamal N. Whitehead
United States District Judge